UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RANDY TURNER**                                      **CIVIL ACTION**

**VERSUS**                                            **NO. 20-3469**

**E. DUSTIN BICKHAM, WARDEN**                         **SECTION: "E"(4)**
**RAYBURN CORRECTIONAL CENTER**

## ORDER AND REASONS

Before the Court is a Report and Recommendation[1] issued by Magistrate Judge Karen Wells Roby, recommending Petitioner Randy Turner's petition for Writ of Habeas Corpus[2] be dismissed with prejudice. Petitioner timely objected to the Magistrate Judge's Report and Recommendation.[3] For the reasons that follow, the Court **ADOPTS** the Report and Recommendation[4] as its own and hereby **DENIES** Petitioner's application for relief.

## BACKGROUND

The detailed facts underlying this case and its lengthy procedural history are outlined in depth in the Magistrate Judge's Report and Recommendation[5] and need not be repeated here. However, a brief outline of the material facts and Petitioner's direct state-court appeals is useful for the resolution of this case.

On January 8, 2016, a Terrebone Parish Sheriff's Office deputy witnessed Petitioner roll through a stop sign.[6] The deputy turned on his siren and attempted to stop

---

[1] R. Doc. 14.
[2] R. Doc. 1.
[3] R. Doc. 15.
[4] R. Doc. 14.
[5] *Id.*
[6] *Louisiana v. Turner*, No. 2017 KA 1648, at p. 2 (La. App. 1 Cir. 4/11/18), 2018 WL 1735940, at *1, *rev'd on other grounds*, 2018-K-0708 (La. 5/8/19), 283 So. 3d 997.

1

Petitioner.[7] Petitioner refused to stop, and a highspeed chase ensued.[8] Of particular relevance, during the chase Petitioner drove through four stop signs without stopping.[9] Petitioner was arrested and charged with aggravated flight from an officer.[10]

At trial, the judge instructed the jury that, under the aggravated flight statute, they could find the requirement of endangerment to human life met if the defendant committed one of the enumerated acts more than once.[11] A jury found Petitioner guilty as charged, and the judge sentenced him to 40 years in prison due to Petitioner's habitual offender status.[12] On appeal, Petitioner challenged the district court's jury instruction, among other alleged errors.[13] The Louisiana First Circuit Court of Appeals reversed Petitioner's conviction and vacated his sentence due to the jury instruction.[14] The Louisiana Supreme Court reversed the Louisiana First Circuit and reinstated Petitioner's conviction and sentence, holding the trial court did not err in interpreting the aggravated flight statute or with respect to its jury instruction.[15] Petitioner did not petition for a writ of certiorari with the United States Supreme Court,[16] and his conviction became final ninety days later on September 24, 2019.[17]

---

[7] *Id.* at pp. 2-3, 2018 WL 1735940, at *1.
[8] *Id.* at p. 3, 2018 WL 1735940, at *1.
[9] *Id.*
[10] R. Doc. 1 at 1.
[11] *Turner*, No. 2017 KA 1648, at pp. 6-9, 2018 WL 1735940, at *3-4.
[12] *Id.*; *see also Turner*, No. 2017 KA 1648, at p. 2, 2018 WL 1735940, at *1.
[13] *Turner*, No. 2017 KA 1648, at pp.6-12, 2018 WL 1735940, at *3-6.
[14] *Id.* at p. 12, 2018 WL 1735940, at *6.
[15] *Louisiana v. Turner*, 2018-K-0708, at p. 4 (La. 5/8/19), 283 So. 3d 997, 1000.
[16] R. Doc. 1 at 3.
[17] *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (stating the period for filing for certiorari with the U.S. Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)). Petitioner unsuccessfully sought state-court postconviction relief, initially filed with the state district court on September 5, 2019, R. Doc. 1 at 4, which ultimately terminated when the Louisiana Supreme Court denied Petitioner's writ application on September 8, 2020, *Louisiana v. Turner*, No. 2020-KH-00625 (La. 9/8/20), 301 So. 3d 32 (mem.). Petitioner then filed this federal application for postconviction relief on October 23, 2020. R. Doc. 1 at 17. Thus, the federal application was timely filed. The Respondent does not dispute the application's timeliness. R. Doc. 12 at 6. The Respondent also does not dispute that Petitioner has exhausted his state-court remedies for all his arguments. *Id.* at 12. To the extent any of Petitioner's

**STANDARD OF REVIEW**

In reviewing the Magistrate Judge's Report and Recommendations, the Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.[18] As to the portions of the report that are not objected to, the Court needs only to review those portions to determine whether they are clearly erroneous or contrary to law.[19] A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[20] The magistrate judge's legal conclusions are contrary to law when the Magistrate Judge misapplies case law, a statute, or a procedural rule.[21]

**DISCUSSION**

Petitioner brought two main claims in his application for federal postconviction relief: (1) he was denied due process of law by the state courts' interpretation and application of the aggravated flight statute, (2)(a) the state trial court's jury instruction was unconstitutionally infirm in its application of the statutory factors that may establish reasonable doubt as to the aggravating component of the charge, and (2)(b) Petitioner's counsel was ineffective for failing to object to this instruction.[22] The Magistrate Judge

---

arguments have not been exhausted, the Court exercises its authority to overlook any failure to properly exhaust to consider the merits of Petitioner's claim. 28 U.S.C. § 2254(b)(2).
[18] *See* 28 U.S.C. § 636(b)(1)(C) ("[A] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which an objection is made.").
[19] *Id.* § 636(b)(1)(A).
[20] *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).
[21] *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014); *see also Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016) (internal quotation marks and citation omitted) ("A legal conclusion is contrary to law when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure.").
[22] *See* R. Doc. 1-1; *see also* R. Doc. 15-1 at 1.

recommends all of Petitioner's claims be dismissed.[23] Petitioner objects only to the Magistrate Judge's findings concerning the state trial court's interpretation of the aggravated flight statute and the subsequent jury instruction (claims 1 and 2(a)).[24]

The aggravated flight statute provides, in relevant part:

> C. Aggravated flight from an officer is the intentional refusal of a driver to bring a vehicle to a stop or of an operator to bring a watercraft to a stop, under circumstances wherein human life is endangered, knowing that he has been given a visual and audible signal to stop by a police officer when the officer has reasonable grounds to believe that the driver or operator has committed an offense. The signal shall be given by an emergency light and a siren on a vehicle marked as a police vehicle or marked police watercraft.
>
> D. Circumstances wherein human life is endangered shall be any situation where the operator of the fleeing vehicle or watercraft commits at least two of the following acts:
>
>> (1) Leaves the roadway or forces another vehicle to leave the roadway.
>>
>> (2) Collides with another vehicle or watercraft.
>>
>> (3) Exceeds the posted speed limit by at least twenty-five miles per hour.
>>
>> (4) Travels against the flow of traffic or in the case of watercraft, operates the watercraft in a careless manner in violation of R.S. 34:851.4 or in a reckless manner in violation of R.S. 14:99.
>>
>> (5) Fails to obey a stop sign or a yield sign.
>>
>> (6) Fails to obey a traffic control signal device.[25]

The state district court and the Louisiana Supreme Court found that the requirement in subsection D that the offender "commit[] at least two of the following acts" for there to be endangerment to human life may be satisfied by committing one of the

---

[23] R. Doc. 14.
[24] R. Doc. 15.
[25] La. Rev. Stat. § 14:108.1(C)-(D).

enumerated acts more than once.[26] Petitioner argues this interpretation and the resulting instruction to the jury denied him due process.[27]

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court must defer to the decision of the state court on the merits of a pure question of law or a mixed question of law and fact unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[28] The question of fundamental fairness under the Due Process Clause is a mixed question of law and fact.[29] A state court's decision is contrary to clearly established federal law if: "(1) the state court applies a rule that contradicts the governing law announced in Supreme Court cases, or (2) the state court decides a case differently than the Supreme Court did on a set of materially indistinguishable facts."[30] The U.S. Supreme Court has explained that an unreasonable application of federal law is different than an incorrect application of federal law: "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied

---

[26] *Turner*, 2018-K-0708, at p. 5, 283 So. 3d at 1000.
[27] R. Doc. 1 at 2-8. In his objections, Petitioner references the Sixth Amendment, R. Doc. 15 at 4; however, he cites only to cases discussing alleged due process violations under the Fourteenth Amendment, *see id.* at 2-3 (first citing *Estelle v. McGuire*, 502 U.S. 62, 62 (1991); then citing *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); and then citing *Skelton v. Whitley*, 950 F.2d 1037, *abrogated on other grounds by Victor v. Nebraska*, 511 U.S. 1 (1994)). Additionally, his petition refers only to "due process" violations. *See* R. Doc. 1 at 2-8. Accordingly, as the Magistrate Judge did, the Court construes Petitioner's argument to concern an alleged due process violation under the Fourteenth Amendment.
[28] 28 U.S.C. § 2254(d)(1).
[29] *Wilkerson v. Cain*, 233 F.3d 886, 890 (5th Cir. 2000).
[30] *Young v. Stephens*, 795 F.3d 484, 489-90 (5th Cir. 2015) (quoting *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006)).

[that case] to the facts of his case in an objectively unreasonable manner."[31] AEDPA requires that a federal court "accord the state trial court substantial deference."[32]

To the extent Petitioner argues the state district court and the Louisiana Supreme Court denied him due process by misconstruing state law when interpreting the aggravated flight statute, those claims are not cognizable on federal habeas review as "[f]ederal habeas review does not extend to state court conclusions of state law."[33] Instead, Petitioner must show that the state court decisions were contrary to, or involved an unreasonable application of, clearly established federal law.[34]

The U.S. Supreme Court has held that in rare circumstances a jury instruction may violate due process;[35] however, "[i]mproper jury instructions in state criminal trials do not generally form the basis for federal habeas relief."[36] "In examining habeas claims of improper jury instructions, the 'inquiry is not whether there was prejudice to the [petitioner], or whether state law was violated, but whether there was prejudice of constitutional magnitude.'"[37] "The relevant inquiry is whether the failure to give an instruction by itself so infected the entire trial that the resulting conviction violates due process.'"[38] "Moreover, there is a strong presumption that errors in jury instructions are subject to harmless-error analysis. Thus, even if the instruction was erroneous, if the error is harmless, habeas corpus relief is not warranted."[39] "In a habeas proceeding, a

---

[31] *Price v. Vincent*, 538 U.S. 634, 641 (2003) (alterations in original) (citation omitted) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002)); *see also Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) .
[32] *Brumfield v. Cain*, 576 U.S. 305, 314 (2015).
[33] *Molo v. Johnson*, 207 F.3d 773, 776 n.9 (5th Cir. 2000) (citing Fairman v. Anderson, 188 F.3d 635, 641 (5th Cir.1999)); *see also McGuire*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").
[34] *See* 28 U.S.C. § 2254(d)(1).
[35] *See, e.g.*, *Naughten*, 414 U.S. at 147.
[36] *Galvan v. Cockrell*, 293 F.3d 760, 765 (5th Cir. 2002) (citing *McGuire*, 502 U.S. at 71-72).
[37] *Id.* (alteration in original) (quoting *Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir.1986)).
[38] *Id.* (quoting *Naughten*, 414 U.S. at 147).
[39] *Id.* (citing *Brecht v. Abrahamson*, 507 U.S. 619, 623–24 (1993)).

6

constitutional error is not harmless if it 'had substantial and injurious effect or influence in determining the jury's verdict.'"[40]

The Court does not find the state court's jury instruction was contrary to, or involved an unreasonable application of, clearly established federal law. Petitioner's arguments mainly encompass mere disagreement with the Louisiana Supreme Court's interpretation of the aggravated flight statute.[41] Federal courts "are not at liberty to conjecture that the [state] court acted under an interpretation of the state law different from that which we might adopt and then set up our own interpretation as a basis for declaring that due process has been denied."[42] Petitioner raises only one argument based in federal law: the Louisiana courts failed to apply the rule of lenity.[43] "The rule-of-lenity fosters the constitutional due-process principle 'that no individual be forced to speculate, at peril of indictment, whether his conduct is prohibited.'"[44] "[T]he rule of lenity is a principle of statutory construction which applies not only to interpretations of the substantive ambit of criminal prohibitions, but also to the penalties they impose."[45] It "ensures fair warning by so resolving ambiguity in a criminal statute as to apply it only to conduct clearly covered."[46] However, "the rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a 'grievous ambiguity or uncertainty in the statute.'"[47]

---

[40] *Id.* (quoting *Brecht*, 507 U.S. at 623).
[41] *See, e.g.*, R. Doc. 15 at 3-4.
[42] *Gryger v. Burke*, 334 U.S. 728, 731 (1948).
[43] R. Doc. 1 at 5.
[44] *United States v. Rivera*, 265 F.3d 310, 312 (5th Cir. 2001) (quoting *Dunn v. United States*, 442 U.S. 100, 112 (1979)).
[45] *Albernaz v. United States*, 450 U.S. 333, 342 (1981) (citing *Bifulco v. United States*, 447 U.S. 381 (1980)).
[46] *United States v. Lanier*, 520 U.S. 259, 266 (1997).
[47] *Barber v. Thomas*, 560 U.S. 474, 488 (2010) (quoting *Muscarello v. United States*, 524 U.S. 125, 139 (1998)).

In interpreting the aggravated flight statute, the Louisiana Supreme Court, after considering state case law and statutory intent and citing to U.S. Supreme Court precedent on the rule of lenity, concluded "the statute is unambiguous, and therefore the rule of lenity does not apply."[48] The court continued, "A dangerous act repeated may be no less dangerous than a variety of dangerous acts. Therefore, we will not blindly incant the rule of lenity to unreasonably constrain the force of the law that the legislature enacted."[49] While the Petitioner may disagree with the Louisiana Supreme Court's interpretation, its opinion is not objectively unreasonable, and there is no indication that it misapplied federal law in holding the rule of lenity inapplicable. Petitioner points to no other alleged errors in the application of federal law. Accordingly, Petitioner has failed to show that the state court decisions were contrary to, or involved an unreasonable application of, clearly established federal law.[50]

## CONCLUSION

The Court finds no merit in Petitioner's objections. The Petitioner has failed to specifically object to the remaining findings of the Magistrate Judge, so the Court reviews them under a clearly erroneous or contrary to law standard. The findings are not clearly erroneous or contrary to law.

---

[48] *Turner*, 2018-K-0708, at p. 4, 283 So. 3d at 1000.
[49] *Id.* at pp. 4-5, 283 So. 3d at 1000.
[50] The Court also notes that any error may have been harmless. In addition to failing to stop at four stop signs, Petitioner also exceeded fifty miles per hour on a road with a twenty-five-mile-per-hour speed limit. *Turner*, No. 2017 KA 1648, at p. 3, 2018 WL 1735940, at *2. "Exceed[ing] the posted speed limit by at least twenty-five miles per hour" is another enumerated act in La. Rev. Stat § 14:108.1(D).

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Karen Wells Roby's Report and Recommendation[51] as its own and hereby **DENIES** Petitioner's application for relief.[52]

**IT IS ORDERED** that the above-captioned matter be **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, on this 12th day of November, 2021.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[51] R. Doc. 14.
[52] R. Doc. 1.